Alfred J. Callahan, J.
In this automobile accident case plaintiff moves for summary judgment on the ground that the issues of negligence and contributory negligence herein have already been determined in another action involving the same accident in which the parties herein were codefendants.
The moving papers demonstrate that on July 22, 1964, there was a three-car collision which involved (1) a passenger car owned and operated by the plaintiff herein, (2) a taxicab owned and operated respectively by the defendants herein, and (3) a truck owned by New York Telephone Company and operated by 'one Farnum, who are not parties to this action.
In the prior action, brought in the Supreme Court, Bronx County, a passenger in the taxicab had sued all of the parties above mentioned and recovered a judgment against all of the defendants except the plaintiff herein, who was held by a jury not to have been negligent in the operation of his vehicle.
Thus, the court is presented with the question whether the prior action in which this plaintiff and these defendants were codefendants, and in which this plaintiff was exonerated, but these defendants were held negligent, is res judicata on the issues of negligence and contributory negligence herein. The moving papers indicate, but do not explicitly state, that two separate collisions were involved in the accident. Despite the complexity of the legal question involved and the plethora of cases on the subject, neither counsel has deemed it necessary to provide the court with a memorandum of law, although plaintiff’s attorney has gone to the trouble of citing in his affidavit the ease of B. R. De Witt Inc. v. Hall (19 N Y 2d 141) which, of course, did not involve the question of collateral estoppel as between persons who were codefendants in the first action.
After reviewing the cases I am constrained to hold that the principle of stare decisis requires me to answer the foregoing question in the negative. (See Glaser v. Huette, 232 App. Div. 119, affd. 256 N. Y. 686; Minkoff v. Brenner, 13 A D 2d 838, affd. 10 N Y 2d 1030; Friedman v. Salvati, 11 A D 2d 104 [1st Dept.]; Ordway v. White, 14 A D 2d 498 [4th Dept.]; Bartolone v. Niagara Car & Truck Rentals, 28 A D *836 2d 869 [2d Dept.]. See, also, Thirteenth Annual Report of N. Y. Judicial Conference, 1968, pp. 125-129.)
Analysis of the foregoing authorities and many others indicates that on the facts set forth in the moving papers herein the plaintiff’s motion must he denied even if Glaser v. Huette (supra) is no longer the law of this State. If said case remains the law this motion clearly must be denied since that case is direct authority for the proposition that the prior decision involving the instant accident “ settled nothing as to the liability of the codefendants to each other.” (See 232 App. Div. 119).
It will be noted that in 1960 in Friedman v. Salvati (supra) the Appellate Division, First Department, in a case factually very similar to Glaser, unanimously held (p. 106): “Until Glaser v. Huette has been specifically overturned by the Court of Appeals, the doctrine of that case will be applied to suits like the instant one.”
Despite the many relevant cases which have been decided since 1960 there has been no indication that the Appellate Division in this Department has altered its views in this connection. See, for instance, Friedman v. Park Lane Motors (18 A D 2d 262, 266, 269), wherein the Glaser case was cited with approval in both the majority and minority opinions. Since obviously Glaser has not been “ specifically overturned by the Court of Appeals ” as of this writing, (see B. R. De Witt, Inc. v. Hall, 19 N Y 2d 141, 147, supra, Bartolone v. Niagara Car & Truck Rentals, supra), I regard myself as bound by it and by Friedman v. Salvati (supra).
While I have been able to find no case precisely on all fours with the instant one the case which seems to bear the closest resemblance to it is Ordway v. White (14 A D 2d 498 [4th Dept.]). Like the instant case Ordway involved a three-car collision. In fact, the only difference between Ordway and the instant case would seem to be that in the former the plaintiff passenger recovered against all of the defendants, rather than against only some of them. In the second action between owners and operators who had been found negligent in the first the majority of the Appellate Division apparently held that Glaser v. Huette prevented defendants’ use of the doctrine of res judicata or collateral estoppel.
The minority expressed the view that Glaser was no longer the law, but concurred with the majority for the reason that it had not been sufficiently established that the issues in the two actions were identical. It said, per Halpern J., (14 A D 2d 498, 502): “As has been noted above, three cars were involved *837 in the accident in this case and there were two separate collisions. In that situation, the issue of contributory negligence of the plaintiff in the present action is not necessarily identical with the issue of his negligence as a defendant in the passenger’s action. The question of identity of issues cannot be determined without an examination of the whole record in the prior action, including the pleadings, the transcript of the testimony and the Judge’s charge (cf. Ripley v. Storer, 309 N. Y. 506, 519). If, upon an examination of the record, it is found that the issues of fact were identical, the present action will be barred and the plaintiff’s complaint will have to be dismissed. (Hinchey v. Sellers, 7 N Y 2d 287.) But no determination of that question can be made upon the meager record which was presented upon the defendant’s motion for summary judgment, consisting only of a copy of the Clerk’s minutes and the judgment entered in the prior action. ’ ’
In my opinion Justice Halpern’s reasoning is in all respects apposite to the instant motion and leads me to conclude that it must be denied irrespective of Glaser v. Huette.